RECEIVED
IN MONROE, LA
FEB 2 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LETRINA WILLIAMS, ET AL. | CIVIL ACTION NO. 02-0409 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ATRIUM HOTEL AND CONFERENCE CENTER, ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is Plaintiffs' Motion and Order for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) [Doc. No. 63]. Plaintiffs request relief from the Court's Judgment dismissing their case for failure to prosecute and failure to serve the remaining defendant [Doc. No. 59]. Defendant Prism Hotels responds that Plaintiffs' motion is untimely and that Plaintiffs are not entitled to Rule 60(b)'s extraordinary relief.

For the following reasons, Plaintiffs' Motion and Order for Relief from Judgment is DENIED.

### I. FACTS AND PROCEDURAL HISTORY

On January 26, 2006, this case was dismissed without prejudice for failure to prosecute and failure to serve the remaining defendant, Prism Hotels [Doc. No. 59].

On January 27, 2006, Plaintiffs served Prism Hotels [Doc. No. 61].

On January 3, 2007, Plaintiffs filed a Motion and Order for Relief from Judgment [Doc. No. 63].

On January 16, 2007, Prism Hotels filed a memorandum in opposition [Doc. No. 65].

1

On January 19, 2007, the Court ordered Plaintiffs to file a supplemental memorandum explaining in greater detail why they are entitled to relief [Doc. No. 66].

On January 26, 2007, Plaintiffs filed a supplemental memorandum [Doc. No. 67].

## II. LAW AND ANALYSIS

### A. Rule 60(b)

Under Rule 60(b)(1), a district court may grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect" on a motion made within one year of the judgment. Fed. R. Civ. P. 60(b)(1).

### B. Plaintiffs' Motion and Order for Relief from Judgment

Plaintiffs claim that their failure to prosecute and serve the remaining defendant resulted from difficulty in determining and locating the proper defendant. Plaintiffs' Counsel, Charles D. Jones, also claims that his work as a state legislator makes it difficult for him to comply with Court deadlines and to prosecute pending cases.

Prism Hotels responds that Plaintiffs' Motion is untimely, and the extraordinary relief sought is unwarranted. To qualify for Rule 60(b) relief, a motion must be made "within a reasonable time." Fed. R. Civ. P. 60(b). Plaintiffs filed the instant motion more than eleven months following the Court's dismissal. Further, Prism Hotels argues that Plaintiffs have not asserted any unique or unusual circumstances showing they are entitled to relief. *See Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985) ("Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief.") (citations omitted).

The Court finds that Plaintiffs' motion is untimely under Rule 60(b). *Id.* at 287-85 (where

2

the movant filed the motion three months after dismissal of the suit and offered no excuse for the delay, the court held the motion was untimely). After Plaintiffs effectuated service on Prism Hotels, they waited almost one year to file this motion and have offered no explanation for the delay.

Even if Plaintiffs' motion was timely filed, Plaintiffs have not shown they are entitled to relief. Under Federal Rule of Civil Procedure 4(m), Plaintiffs were required to perfect service within 120 days of filing their amended complaint against Prism Hotels, or by July 2, 2005. Plaintiffs' difficulty in locating and serving Prism Hotels is insufficient to excuse their failure to serve until January 27, 2007. *See Pryor*, 769 F.2d at 287 ("While Rule 60(b)(1) allows relief for 'mistake, inadvertence . . . or excusable neglect,' these terms are not wholly open-ended. 'Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.'"). Further, Plaintiffs' Counsel's professional demands or ". . . conflicts in scheduling do not provide sufficient excuse to warrant relief. . . ." *Id.* at 287 (citation omitted).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion and Order for Relief from Judgment [Doc. No. 63] is DENIED.

MONROE, LOUISIANA, this __2__ day of February, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3